UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

2009 SEP 24 PM 1: 10

LORETTA G. WHYTE
CLERK

| | |
|---|---|
| SCOTT ROME, individually and on behalf of all others similarly situated | * * * |
| Plaintiffs, | * * |
| versus | * * |
| ETHEX COROPORATION | * * * |
| Defendants. | * * |

Civil Action No.:
**09 - 6481**

Section:

JURY DEMAND **SECT. A MAG. 2**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CLASS ACTION COMPLAINT

Plaintiff, Scott Rome, individually and on behalf of all others similarly situated, by and through their undersigned counsel of record, Becnel Law Firm, LLC, hereby commence this action individually, and on behalf of the Class identified below, and seeks Class status on behalf of himself and the Class as described below.

## NATURE OF THE CASE/ OVERVIEW

1.     Plaintiff brings this action on behalf of all persons residing in the United States who purchased Morphine Sulfate Immediate Release (IR) tablets) manufactured by Ethex Corporation.   Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "F.R.C.P.") to recover compensatory, equitable, and actual and punitive damages, injunctive relief, and attorneys' fees.

Fee *350*
✓ Process *Cag* ✓ *5 ms*
X Dktd _____ -1-
____ CtRmDep_____
____ Doc. No. _____

2. Plaintiff seeks to represent the following class:

All citizens, residents, or domiciliaries of the United States who have purchased Morphine Sulfate Immediate Release (IR) Tablets manufactured by Ethex Corporation and such citizens', residents' and domiciliaries' estates, representatives, administrators, spouses, children, relatives, and "significant others" as their heirs or survivors.

3.      Defendant, Ethex Corporation  through Actavis Totowa, LLC, designed, researched, manufactured, tested, sought approval by the United States Food and Drug Administration (hereinafter "FDA") and advertised, promoted, marketed, sold and/or distributed Morphine Sulfate Immediate Release (IR) Tablets through its affiliates for the treatment of medical problems including pain relief.

4.      As a result of the negligence of Defendants and the defective nature of the Morphine Sulfate Immediate Release (IR), the drug was oversized and contained more of the active level of active ingredient than is appropriate.

5.      As a result of the defective nature of the Morphine Sulfate Immediate Release (IR) Tablets, the drug caused medical problems for people taking it including the plaintiff, Scott Rome.

6.      The symptoms suffered by plaintiff and others include: extreme nausea, extreme headaches, profuse hot and cold sweats, a very high level of stress and other health concerns.

7.     At all times relevant hereto, Defendants misrepresented the safety of the

Murphine Sulfate Immediate Release (IR) tablets and negligently designed,

manufactured, marketed, advertised, promoted, sold and/or distributed said tablets as a

safe and effective medication to treat medical conditions.


8.     At all times relevant hereto, Defendants failed to warn of the dangers of the

Morphine Sulfate Immediate Release (IR) tablets including, but not limited to, the fact

that the medication was oversized and contained more than the approved level of active

ingredient than is appropriate.


9.     At all times relevant hereto, Defendants knew, and had reason to know, or

should have known, that the Morphine Sulfate Immediate Relese (IR) tablets were

defective thereby harming plaintiff, members of the Plaintiff Class, physicians, patients

and the population-at-large while accelerating the risk of toxicity leading to, in some

patients including plaintiff, nausea, headaches, hot and cold sweats, stress and other

health concerns.


10.    At all times relevant hereto, Defendants knew, and had reason to know, or

should have known, that its representations that Morphine Sulfate Immediate Release

(IR) tablets were safe and effective were materially false and misleading.


11.    As a result of the defective nature of Defendants' product, the Morphine Sulfate

Immediate Release (IR) tablets fails to properly treat medical problems and/or caused

-3-

medical problems as stated herein.  Defendants knew, had reason to know, or should

have known of the defective nature of their product and the resulting risk of injuries and

deaths, but failed to warn Plaintiff and all other Plaintiff Class members, and/or their

physicians, preventing Plaintiff and Plaintiff Class members, and/or their physicians,

and/or the medical community from making informed choices about the selection of

cardiovascular medications.

12.     As a result of the defective nature of Defendants' product, Morphine Sulfate

Immediate Release (IR) tablets increases the risk of toxicity thereby increasing the risk

injuries to plaintiff and others.  Defendants knew, had reason to know, or should have

known of the defective nature of their product and the resulting risk of injuries, but failed

to warn Plaintiff and all other Plaintiff Class members, and/or their physicians,

preventing Plaintiff and Plaintiff Class members, and/or their physicians, and/or the

medical community from making informed choices about the selection of cardiovascular

medications.

13.     Upon information and belief, Defendants concealed their knowledge of the

defects in their products from the Plaintiff, Plaintiff Class members, and/or their

physicians, hospitals, pharmacists and/or the FDA.

14.     Consequently, Plaintiffs and all Plaintiff Class members seek compensatory

damages as a result of their use of Morphine Sulfate Immediate Release (IR) tablets,

which causes, may cause and/or continue to cause Plaintiff and the Plaintiff Class

members to suffer economic loss, physical pain, mental anguish, medical and other expenses.

15.     Further, Plaintiff and all Plaintiff Class members seek equitable and other relief for themselves, and all others similarly situated, to compensate them, in whole or in part, for the following economic issues which confront them as a result of their reliance upon the safety of the Morphine Sulfate Immediate Release (IR) tablets:

        a.     the increased cost of medical expenses including, but not limited to, those un-reimbursed by insurance policies, those uninsured, and/or the payment of higher insurance rates due to their use of Morphine Sulfate Immediate Release (IR) tablets;

        b.     medical monitoring;

        c.     Return of any purchase price paid, including, but not limited to, insurance co-payments, interest on these amounts from the date of purchase, attorneys' fees and costs, non-pecuniary damages, as well as any other legal or equitable relief to which Plaintiffs may be entitled;

        d.     whatever further relief the Court deems just and proper under the circumstances.

## JURISDICTION AND VENUE

16.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 and the Class Action Fairness Act.  Venue is proper in this Court because Plaintiff resides within this judicial district.

17.     At all times relevant hereto, Ethex Corporation was engaged in the business of manufacturing, marketing, promoting, selling, and/or distributing Morphine Sulfate

Immediate Release (IR) tablets.

18.     Ethex Corporation placed defective Morphine Sulfate Immediate Release (IR) tablets  into the stream of interstate and worldwide commerce.

19.     As a direct and proximate result of Ethex Corporation placing defective Morphine Sulfate Immediate Release (IR) tablets into the the stream of commerce, Plaintiff and the Class Members have suffered and continue to suffer monetary damages, and will continue to suffer such damages indefinitely.

20.     Plaintiff and Class Members have incurred and will continue to incur significant financial damages.

21.     Upon information and belief, at all times relevant hereto, Ethex Corporation was present and doing business in the State of Louisiana and in the Eastern District of Louisiana.  At all relevant times, Ethex Corporation transacted, solicited, and conducted business in the State of Louisiana and derived substantial revenue from such business.

22.     At all relevant times, Ethex Corporation expected or should have expected that its acts would have consequences within the United States of America, and the Eastern District of Louisiana, in particular.

## PARTIES

23.     Plaintiff, Scott Rome, is a resident of the United States of America, State of

Louisiana, Parish of St. Tammany which is in the Eastern District of Louisiana.


24.     Plaintiff, Scott Rome, purchased Morphine Sulfate Immediate Release (IR)

tablets manufactured by defendant Ethex Corporation on September 25, 2008.  Plaintiff

used, and suffered adverse effects from Morphine Sulfate Immediate Release (IR)

tablets and, as such, Plaintiff, Scott Rome, is a member of the proposed Class herein.

Plaintiff received a recall letter regarding the medication on November 8, 2008.


25.     Defendant, Ethex Corporation is a foreign corporation incorporated under the

laws of the State of Missouri.


## GENERAL ALLEGATIONS

26.     Upon information and belief, Ethex Corporation is a player in the Morphine

Sulfate market.


27.     The November 8, 2008 recall letter received by plaintiff was apparently part of a

larger recall wherein Ethex Corporation announced recalls of serveral lots of Morphine

Sulfate Immediate Release (IR) tablets due to the production of oversized tablets with

more active ingredient than appropriate.

28.     Defendants negligently designed, manufactured, marketed, advertised, promoted, sold and/or distributed the Morphine Sulfate Immediate Release (IR) tablets which was unreasonably dangerous in normal use in that the defective drug has more than the appropriate level of active ingredient.

29.     Defendants failed to adequately warn users of the defective drug of its unreasonably dangerous characteristics.

30.     Defendants owed a legal duty to Plaintiff and Plaintiff Class Members to manufacture and sell Morphine Sulfate Immediate Release (IR) tablets without hidden and concealed defects.

31.     Defendants breached such duty which proximately caused Plaintiff's and Plaintiff Class Members' damages.

32.     Defendants knew or, in the exercise of reasonable care, should have known that its drug was defective and that Plaintiff and Plaintiff Class Members might have reasonably been expected to use the drug and be affected by its defective condition.

33.     This defective condition is a direct and proximate cause of Plaintiff's and Plaintiff Class Members' injuries.  Plaintiff suffered headaches, nausea, hjot and cold sweats and stress as a result of the defective condition of the product.

## STATE AND NATIONAL CLASS DEFINITIONS

34.     Plaintiff brings this action pursuant to F.R.C.P. 23 on behalf of himself and all

others similarly situated including the class as follows:

   a.     **Morphine Sulfate Immediate Release (IR) tablet Purchaser Refund
          National Class:** All citizens, residents, or domiciliaries of the United
          States who have purchased Morphine Sulfate Immediate Release (IR)
          tablets manufactured by Ethex Corporation through itself and/or its
          affiliates and such citizens', residents' and domiciliaries' estates,
          representatives, administrators, spouses, children, relatives, and
          "significant others" as their heirs or survivors.

   b.     **Morphine Sulfate Immediate Release (IR) tablet Personal Injury
          National Class:** All citizens, residents, or domiciliaries of the United
          States who have purchased Morphine Sulfate Immediate Release (IR)
          tablets manufactured by Ethex Corporation and distributed by them and/or
          their affiliates and suffered adverse effects from the ingestion of the drug
          and such citizens', residents' and domiciliaries' estates, representatives,
          administrators, spouses, children, relatives, and "significant others" as
          their heirs or survivors.

   c.     **Morphine Sulfate Immediate Release (IR) tablets Medical Monitoring
          National Class:** All citizens, residents, or domiciliaries of the United
          States who have purchased Morphine Sulfate Immediate Release (IR)
          tablets manufactured by Ethex Corporation and distributed by them or
          their affiliates and suffered adverse effects from the ingestion of the drug
          and seek the creation of a Court-supervised program funded by the
          Defendants to provide medical screening, medical services, medical
          research and education, and a medical/legal registry to assure that the
          patients who ingested the aforesaid Morphine Sulfate Immediate Release
          (IR) tablets receive prompt and proper medical treatment to mitigate the
          risk of a life-threatening condition and appropriate compensatory
          damages.

35.     Excluded from the Class are:

   a.     Defendants' officers and directors;

   b.     any judge or judicial officer assigned to this matter and his or her

          immediate family; and

    c.    any legal representative, successor, or assign of any excluded person or entities.

36.    Plaintiff and Plaintiff Class Members contemplate sub-classes so as to ameliorate any choice of law concerns and/or be compliant with F.R.C.P. 23(a) and 23(b); more specifically, such sub-classes are contemplated based upon the 50 states and the Common Wealth of Puerto Rico and the District of Columbia.

37.    While Plaintiffs and the Plaintiff Class may seek sub-classes as set forth above, this will be the subject of the Class Certification briefing which will be filed and prepared as soon as practical.  To this end, Plaintiff and the Plaintiff Class additionally and/or alternatively propose the following proposed Class and/or initial subclass herein as:

    a.    **Morphine Sulfate Immediate Release (IR) tablet  Purchaser Refund Louisiana Class:** All citizens of Louisiana state or residents of the State of Louisiana who have purchased Morphine Sulfate Immediate Release (IR) tablets manufactured by Ethex Corporation and distributed by it and/or by its affiliates and such citizens', residents' and domiciliaries' estates, representatives, administrators, spouses, children, relatives, and "significant others" as their heirs or survivors.

    b.    **Morphine Sulfate Immediate Release (IR) tablets Personal Injury Louisiana Class:**  All citizens of Louisiana state or residents of the State of Louisiana who have purchased Morphine Sulfate Immediate Release (IR) tablets manufactured by Ethex Corporation and distributed by itself and/or its and suffered adverse effects from the ingestion of the drug and such citizens', residents' and domiciliaries' estates, representatives, administrators, spouses, children, relatives, and "significant others" as their heirs or survivors.

    c.    **Morphine Sulfate Immediate Release (IR) tablets  Medical Monitoring Louisiana Class:**  All citizens of Louisiana state or residents of the State of Louisiana  who have purchased Morphine

Sulfate Immediate Release (IR) tablets manufactured by Ethex Corporation and distributed by itself and/or its affiliates and suffered adverse effects from the ingestion of the drug and seek the creation of a Court-supervised program funded by the Defendants to provide medical screening, medical services, medical research and education, and a medical/legal registry to assure that the patients who ingested the aforesaid Morphine Sulfate Immediate Release (IR) tablets, receive prompt and proper medical treatment to mitigate the risk of a life-threatening condition and appropriate compensatory damages.

## CLASS ACTION ALLEGATIONS

38.    Numerosity of the Class: The proposed Class is so numerous that joinder is impractical.  The disposition of these claims through this class action will be more efficient and will benefit the parties and the Court.  The identities of the individual members of the class are ascertainable through, *inter alia*, medical and pharmaceutical records.  Further, Class Members may be informed of the pendency of the class action by direct mail, internet, or other means.

39.    Predominance of the Common Questions of Fact and Law: A well-defined community of interest in the questions of law and fact common to the Morphine Sulfate Immediate Release (IR) tablets Class predominate over questions affecting only individual Class Members including, but not limited to:

a.    Whether Defendants manufactured and/or marketed and sold a defective product;

b.    Whether Defendants' failed to give adequate and timely warning of the dangers of Morphine Sulfate Immediate Release (IR) tablets;

c.    Whether Defendants concealed adverse information from Plaintiff and the Morphine Sulfate Immediate Release (IR) tablet Class regarding Morphine Sulfate Immediate Release (IR) tablets;

d.    Whether Defendants violated applicable state consumer protection laws;

e.    Whether Plaintiff and the Class Members are entitled to recover compensatory, exemplary, punitive, and/or other damages as a result of Defendants' negligent and unlawful conduct;

f.    What is the proper mechanism for assessing and awarding damages and administering relief to Class Members, including the relief to reduce the threat of future harm to Class Members;

g.    Whether Defendants' conduct in manufacturing, failing to warn, selling and/or promoting and/or marketing and/or distributing Morphine Sulfate Immediate Release (IR) tablets fell below the duty of care owed by Defendants to Plaintiff and members of the Plaintiff Class;

h.    Whether Defendants negligently, recklessly, or intentionally concealed information about the safety of Morphine Sulfate Immediate Release (IR) tablets from the Plaintiff and Plaintiff Class, as well as their physicians, hospitals, healthcare professionals, and the FDA;

i.    Whether Defendants under-reported the adverse events associated with Morphine Sulfate Immediate Release (IR) tablets ;

j.    Whether Defendants are strictly liable in tort for selling a defective product;

k.   Whether Defendants' conduct constitutes fault;

l.   Whether Defendant's conduct entitles plaintiffs to redhibitiont;

m.   Whether Defendants' conduct constitutes negligent misrepresentation;

n.   Whether Defendants' conduct constitutes negligence;

o.   Whether Defendants are liable for intentional and/or negligent infliction of emotional distress;

p.   Whether Defendants breached express warranties;

q.   Whether Defendants breached implied warranties of merchantability;

r.   Whether Plaintiff Class Members have sustained irreparable harm and whether they are entitled to equitable relief including restitution and/or refund and, if so, the nature and extent of such damages;

s.   Whether the Plaintiff Class is entitled to compensatory damages and, if so, the nature and extent of such damages;

t.   Whether Defendants are liable for punitive damages and, if so, how much is necessary and appropriate to punish them for their conduct, deter others and fulfill the policies and purposes of punitive and/or exemplary damages;

u.   How any and all punitive and/or exemplary damages awarded to Plaintiffs should be equitable allocated among the Plaintiff and the Plaintiff Class;

v.   Whether Defendants misrepresented the safety and efficacy of their product;

w.   Whether Defendants failed to adequately test their products;

x.   Whether Defendants failed to adequately reveal the results, if any, that

-13-

were yielded by the testing of their product to the Plaintiff, Plaintiff Class, their physicians, hospitals, the FDA and other healthcare professionals;

y.    Whether Defendants failed to adequately warn of the adverse effects of Morphine Sulfate Immediate Release (IR) tablets ; and

z.    Whether the safety defects in the Defendants' Morphine Sulfate Immediate Release (IR) tablets  constitute a design defect for purposes of strict products liability.

40.    Typicality: Having been a victim of Defendants' unlawful and negligent conduct, Plaintiff is a member of the Morphine Sulfate Immediate Release (IR) tablets  Class. Plaintiff purchased and ingested Morphine Sulfate Immediate Release (IR) tablets . All members of the Class have purchased and ingested Morphine Sulfate Immediate Release (IR) tablets ).  Plaintiff and members of the Morphine Sulfate Immediate Release (IR) tablets Class have similarly suffered harm arising from Defendants' violations of law and negligent conduct as alleged herein.

41.    Adequacy of Representation: Plaintiff is an adequate representative of the Plaintiff Class because she is a member of the Plaintiff Class and her interests do not conflict with the interests of the members of the Plaintiff Class she seeks to represent. Further, Plaintiff is represented by experienced and able counsel who have litigated numerous other mass torts and products liability class actions, and they intend to prosecute this action vigorously for the benefit of the entire Plaintiff Class.  Plaintiffs and their counsel will fairly and adequately protect the interests of the members of the

Plaintiff Class.

42.   Superiority: A class action is superior to other available methods for the efficient adjudication of this litigation since individual litigation of each Class Members' claim is impracticable.  It would be unduly burdensome to the courts in which individual litigations would proceed.  Further, individual litigations present a potential for inconsistent and/or contradictory judgments and further increases the delay and expense to all parties and the courts.  By contrast, the class action device presents far fewer management difficulties and provides the benefit of a single adjudication, economies of scale, and comprehensive supervision by a single court.  Additionally, notice of the pendency and/or resolution of this class action can be provided to Class Members by direct mail, as upon information and belief, Defendants herein have kept detailed records as to their sale of Morphine Sulfate Immediate Release (IR) tablets .

43.   This action is also properly certified under the provisions of F.R.C.P. 23 because:

   a.   the prosecution of separate actions by individual members of the Class would create a risk of inconsistency of varying adjudications with respect to individual Class Members, thus establishing incompatible standards of conduct for Defendants; and

   b.   due to the nature of the relief sought, the prosecution of separate actions by the individual members of the Class would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other members of the Class not parties to such adjudications or would substantially impair or impede the ability of such members of the Class to protect their interests.

## EQUITABLE TOLLING OF APPLICABLE STATUTES OF LIMITATIONS

44.   The running of any statute of limitations has been tolled by reason of members of the class not knowing of the defective knowing of the drug.  Moreover, it is

tolled by defendants failing to timely disclose the defect to physicians or Class

Members, and misrepresenting their product as safe for its intended use.

45.     As a result of Defendants' actions, the Class, and their prescribing

physicians were unaware, and could not reasonably know or have learned through

reasonable diligence of the manufacturing defect and that Plaintiff and Class Members

had been exposed to the risks alleged herein and that those risks were a direct and

proximate result of Defendants' acts and omissions.

46.     Furthermore, Defendants are estopped from relying on any statute of limitations

because of their failure to inform plaintiff and members of the class more timely of the

defective nature of Morphine Sulfate Immediate Release (IR) tablets .  Defendants were

under a duty to disclose the true character, quality, and nature of Morphine Sulfate

Immediate Release (IR) tablets  because this was non-public information over which the

Defendants had, and continues to have, exclusive control, and because Defendants

knew that this information was not available to the Plaintiff and Class Members, medical

providers and/or to their facilities.  In addition, the Defendants are estopped from relying

on any statute of limitations because of their concealment of these facts.

47.     Plaintiff and the Class had no knowledge that Defendants were manufacturing a

defective product.  The plaintiff and the Class could not have reasonably discovered the

wrongdoing at any time prior to November of 2008. Plaintiff, the Class and medical

professionals could not have possibly conducted studies to determine the nature, extent

-16-

and identity of related health risks dealing with the manufacturing defect of Defendants' drug and were forced to rely only on Defendants' representations.

## FIRST CAUSE OF ACTION AS AGAINST THE DEFENDANTS NEGLIGENCE AND NEGLIGENCE PER SE

48.     Plaintiff, Scott Rome, individually and on behalf of all others similarly situated, repeats, reiterates and realleges each and every allegation of this Complaint in each of the foregoing paragraphs inclusive, with the same force and effect as if fully set forth herein.

49.     Defendants had a duty to exercise reasonable care in manufacturing, marketing, supplying, promoting, packaging, sale, and/or distribution of Morphine Sulfate Immediate Release (IR) tablets into the stream of commerce, including a duty to assure that the product would work as intended, marketed, promoted, and/or advertised and/or did not cause users to suffer unreasonable, dangerous side effects.

50.     Defendants failed to exercise ordinary care in the manufacturing, marketing, supplying, promoting, packing, sale, testing, quality assurance, quality control and/or distribution of Morphine Sulfate Immediate Release (IR) tablets  into interstate commerce in that Defendants knew or should have know that the product was defective, did not function as intended and/or created a high risk of unreasonable, dangerous side effects, including, but not limited to, nausea, headaches, hot and cold sweats and stress,  as well as other severe and permanent health consequences.

51.     The negligence of the Defendants, their agents, servants, and/or employees,

-17-

included, but was not limited to, the following acts and/or omissions:

    a.   manufacturing, producing, promoting, formulating, creating and/or designing Morphine Sulfate Immediate Release (IR) tablets without thoroughly testing it;

    b.   manufacturing, producing, promoting, formulating, creating and/or designing Morphine Sulfate Immediate Release (IR) tablets without adequately testing it;

    c.   not conducting sufficient testing programs to determine whether or not the aforesaid product was safe for use in that Defendants knew or should have known that Morphine Sulfate Immediate Release (IR) tablets was unsafe and unfit for use by reason of the dangers to its users and/or because of the negligent manufacturing of the product;

    d.   selling Morphine Sulfate Immediate Release (IR) tablets without making proper and sufficient tests to determine the dangers to its users;

    e.   negligently failing to adequately and correctly warn the Plaintiffs and Plaintiff Class Members, the public, the medical and healthcare profession, and/or the FDA of the dangers and negligent manufacture of Morphine Sulfate Immediate Release (IR) tablets;

    f.   negligently failing to recall or otherwise notify users at the earliest date that it became known that said product was, in fact, dangerous and defective;

    g.   failing to test Morphine Sulfate Immediate Release (IR) tablets and/or failing to adequately, sufficiently and properly test Morphine Sulfate Immediate Release (IR) tablets ;

    h.   negligently advertising and recommending the use of the aforesaid drug without sufficient knowledge as to its manufacturing defect and dangerous propensities;

    i.   negligently representing that Morphine Sulfate Immediate Release (IR) tablets were safe for its intended purpose when, in fact, its safety is questionable;

    j.   negligently manufacturing Morphine Sulfate Immediate Release (IR) tablets in a manner which was dangerous to its users;

-18-

k.    negligently designing Morphine Sulfate Immediate Release (IR) tablets in a manner which was dangerous to its users;

l.    negligently producing Morphine Sulfate Immediate Release (IR) tablets in a manner which was dangerous to its users;

m.    negligently assembling Morphine Sulfate Immediate Release (IR) tablets in a manner which was dangerous to its users;

n.    concealing information concerning reports of adverse effects from the Plaintiff and Plaintiff Class Members in knowing that Morphine Sulfate Immediate Release (IR) tablets were unsafe, dangerous and non-conforming with accepted industry standards; and

o.    improperly concealing and/or misrepresenting information from the Plaintiff and Plaintiff Class Members, healthcare professionals and/or the public, concerning the severity of risks and dangers of Morphine Sulfate Immediate Release (IR) tablets and/or the manufacturing defect.

52.    Defendants under-reported, underestimated and/or downplayed the serious

dangers and the defective nature of Morphine Sulfate Immediate Release (IR) tablets.


53.    Defendants were negligent in the designing, researching, supplying,

manufacturing, promoting, packaging, distributing, testing, advertising, warning,

marketing and sale of Morphine Sulfate Immediate Release (IR) tablets in that they:

a.    failed to use due care in designing and manufacturing Morphine Sulfate Immediate Release (IR) tablets so as to avoid the aforementioned risks when Morphine Sulfate Immediate Release (IR) tablets were used for its intended purpose;

b.    failed to accompany their product with proper warnings regarding all possible adverse side effects concerning the failure and/or defective nature of Morphine Sulfate Immediate Release (IR) tablets;

c.    failed to accompany their product with proper and/or accurate warnings regarding all possible adverse side effects associated with the use of Morphine Sulfate Immediate Release (IR) tablets

given its defective nature;

d.    failed to warn Plaintiff and Plaintiff Class Members of the severity and duration of such adverse side effects, as the warnings given did not accurately reflect the defective nature of the product;

e.    failing to conduct testing, including clinical testing and post-marketing surveillance to determine the safety of Morphine Sulfate Immediate Release (IR) tablets;

f.    failing to warn Plaintiff and Plaintiff Class Members, prior to actively encouraging the sale of Morphine Sulfate Immediate Release (IR) tablets , either directly or indirectly, orally or in writing, about the defective nature of the product; and

g.    were otherwise negligent.

54.    Upon information and belief, despite the fact that Defendants knew or should have known that Morphine Sulfate Immediate Release (IR) tablets caused unreasonably dangerous side effects due to its manufacturing defect, Defendants continued to market, manufacture, distribute and/or sell Morphine Sulfate Immediate Release (IR) tablets  to consumers, including the Plaintiffs and Plaintiff Class Members.

55.    Defendants knew or should have known that consumers such as Plaintiff and Plaintiff Class Members would foreseeably suffer injury, both physical and economic, and/or be at an increased risk of suffering injury as a result of Defendants' failure to exercise ordinary care, as well as Defendants' negligent manufacturing process, as set forth above.

56.    Defendants' actions and/or inactions, as set forth herein, by virtue of violating

statutes, ordinances and/or rules and/or regulations, constitutes negligence per se.

57.    Defendants knew or should have known that consumers such as the Plaintiffs would foreseeably suffer injury, and/or be at increased risk of suffering injury, including personal injuries and financial harm, as a result of Defendants' failure to exercise ordinary care, as well as Defendants' negligent manufacturing process, as set forth above.

58.    Defendants' negligence was the proximate cause of Plaintiff's and Plaintiff Class Members' injuries, harm and economic loss which they suffered and will continue to suffer.

59.    By reason of the foregoing, Plaintiff and Plaintiff Class Members experienced and/or are at risk of experiencing serious and dangerous side effects, as well as have incurred financial damage and injury.

60.    As a result of the foregoing acts and omissions, the Plaintiff and Plaintiff Class Members require and/or will require more health care and services and did incur medical, health, incidental, and related expenses.  Plaintiff and Plaintiff Class are informed and believe and further allege that Plaintiffs will in the future be required to obtain further medical and/or hospital care, attention, and services.

61.    By reason of the foregoing, Plaintiff and Plaintiff Class have been damaged as

against the Defendants in a sum to be determined by the Court but which plaintiff

alleges is in excess of the jurisdictional limit per plaintiff and each class member..

## SECOND CAUSE OF ACTION AGAINST THE DEFENDANTS
## STRICT LIABILITY

62.     Plaintiff, Scott Rome, individually, and on behalf of all others similarly

situated, repeats, reiterates, and realleges each and every allegation of this Complaint

in each of the foregoing paragraphs inclusive, with the same force and effect as if fully

set forth herein.

63.     At all times herein mentioned, Defendants designed, researched, manufactured,

tested, advertised, promoted, marketed, sold and distributed Morphine Sulfate

Immediate Release (IR) tablets used by Plaintiff, Scott Rome, and the Plaintiff Class

Members.

64.     Morphine Sulfate Immediate Release (IR) tablets were expected to, and did,

reach the usual consumers, handlers, and persons coming into contact with said

product without substantial change in the condition which it was produced,

manufactured, sold, distributed, and marketed by the Defendants.

65.     At those times, the Morphine Sulfate Immediate Release (IR) tablets  was in an

unsafe, defective, and inherently dangerous condition which was unreasonably

dangerous to its users and, in particular, Plaintiff, Scott Rome, and members of the

Plaintiff Class.

66.     Morphine Sulfate Immediate Release (IR) tablets were so defective in design or formulation or manufacture that when it left the hands of the manufacturer and/or suppliers, the foreseeable risks exceeded the benefits associated with the design, formulation or manufacture of Morphine Sulfate Immediate Release (IR) tablets.

67.     At all times herein mentioned, Morphine Sulfate Immediate Release (IR) tablets were in a defective condition and unsafe, and Defendants knew, had reason to know, or should have known that said product was defective and unsafe, especially when used in the form and manner as provided by Defendants.

68.     Defendants knew, or should have known, that at all times herein mentioned Morphine Sulfate Immediate Release (IR) tablets were in a defective condition and were/are inherently dangerous and unsafe.

69.     At the time of use of Morphine Sulfate Immediate Release (IR) tablets by Plaintiff, Scott Rome, and members of the Plaintiff Class utilized the drug for the purposes and manner normally intended, namely for treatment of pain;

70.     Defendants had a duty to create a product that was not unreasonably dangerous for its normal, intended use.

71.     Defendants' Morphine Sulfate Immediate Release (IR) tablets ) product were

designed, researched, manufactured, tested, advertised, promoted, marketed, sold and distributed in a defective condition by Defendants and was unreasonably dangerous to its intended users, including Plaintiff, Scott Rome, and members of the Plaintiff Class.

72.     Defendants designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed a defective product which created an unreasonable risk to the health of consumers thereof and to Plaintiff, Scott Rome, and members of the Plaintiff Class.  Defendants are, therefore, strictly liable for the injuries sustained by the Plaintiff and Plaintiff Class Members.

73.     Neither the Plaintiff, Scott Rome, nor the members of the Plaintiff Class, acting as a reasonably prudent person, could discover that Morphine Sulfate Immediate Release (IR) tablets were defective as herein mentioned or perceive its danger.

74.     Morphine Sulfate Immediate Release (IR) tablets ) designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed by Defendants was defective due to inadequate warnings or instructions as the Defendants knew, or should have known, that the defective product created a risk of serious and dangerous side effects including, but not limited to, headaches, nausea, hot and cold sweats, and stress, as well as other severe and permanent health consequences.

75. Morphine Sulfate Immediate Release (IR) tablets as designed, researched,

manufactured, tested, advertised, promoted, marketed, sold, and distributed by Defendants are defective due to inadequate warnings and/or inadequate testing.

76.     Morphine Sulfate Immediate Release (IR) tablets as designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed by Defendants is defective due to inadequate post-marketing surveillance and/or warnings because, upon information and belief, sales continued after Defendants knew, or should have known, of the manufacturing defect and risk of serious side effects including, but not limited to, headaches, nausea, hot and cold sweates and stress, as well as other severe and permanent health consequences.

77.     By reason of the foregoing, the Defendants are strictly liable in tort to the Plaintiff, Scott Rome, and members of the Plaintiff Class for the manufacturing, promoting, distribution, and selling of a defective product, Morphine Sulfate Immediate Release (IR) tablets.

78.     Defendants' defective design, manufacturing defect, and inadequate warnings of the dangers associated with Morphine Sulfate Immediate Release (IR) tablets were acts that amount to willful, wanton, and/or reckless conduct by Defendants.

79.     Said defects in Defendants' Morphine Sulfate Immediate Release (IR) tablets were a substantial factor in causing Plaintiff's and Plaintiff Class Members' injuries and/or placing Plaintiff and members of the Plaintiff Class at increased risk of serious

injury and/or harm.

80.     As a direct and proximate result of the defective condition of Morphine Sulfate

Immediate Release (IR) tablets as manufactured and sold by Defendants, Plaintiff and

members of the Class suffered, and will continue to suffer, damages.

81.     By reason of the foregoing, Plaintiff and Plaintiff Class Members experienced,

and/or are at risk of experiencing, serious and dangerous side effects, as well as have

incurred financial damage and injury.

82.     As a result of the foregoing acts and omissions, the Plaintiff and Plaintiff Class

Members require, and/or will require, more health care and services and did incur

medical, health and incidental and related expenses.  Plaintiff and Plaintiff Class

Members are informed and believe, and further allege, that Plaintiff and Plaintiff Class

Members will in the future be required to obtain further medical and/or hospital care,

attention, and services.

83.     By reason of the foregoing, Plaintiff and Plaintiff Class Members have been

damaged as against Defendants in an amount to be determined by the Court but which

plaintiff alleges is greater than the jurisdictional limit for plaintiff and each class

member.

## THIRD CAUSE OF ACTION AGAINST DEFENDANTS

## BREACH OF EXPRESS WARRANTY

84.     Plaintiff, Scott Rome, individually, and on behalf of all others similarly situated, repeats, reiterates, and realleges each and every allegation of this Complaint in each of the foregoing paragraphs inclusive, with the same force and effect as if fully set forth herein.

85.     Defendants expressly warranted that Morphine Sulfate Immediate Release (IR) tablets were safe and well accepted by users.

86.     Morphine Sulfate Immediate Release (IR) tablets do not conform to these express representations because the prescription drug is not safe and it is associated with numerous side effects not accurately warned about by Defendants.  As a direct and proximate result of the breach of said warranties, Plaintiff, Scott Rome, and Plaintiff Class Members suffered, and/or will continue to suffer, and/or are at an increased risk to suffer, severe and permanent personal injuries, harm, and/or economic loss.

87.     Plaintiff, Scott Rome, and Plaintiff Class Members did rely on the express warranties of the Defendants herein.

88.     Members of the medical community, including physicians and/or other healthcare professionals, relied upon the representations and warranties of the Defendants in recommending and/or prescribing Morphine Sulfate Immediate Release (IR) tablets .

89.     The Defendants herein breached the aforesaid express warranties, as Morphine

-27-

Sulfate Immediate Release (IR) tablets were defective.

90.    Defendants expressly represented to Plaintiff, the Plaintiff Class and/or their physicians, healthcare providers, and/or the FDA that Morphine Sulfate Immediate Release (IR) tablets are safe, efficacious, and fit for use for the purposes intended, that the prescription drug is of merchantable quality, that Morphine Sulfate Immediate Release (IR) tablets did not produce any dangerous side effects in excess of those risks associated with other non-defective drugs of the same class, that the side effects the prescription drug did produce were accurately reflected in the warnings, and that Morphine Sulfate Immediate Release (IR) tablets were adequately tested and fit for its intended use.

91.    Defendants knew or should have known that the aforesaid representations and warranties are false, misleading and untrue in that Morphine Sulfate Immediate Release (IR) tablets are not fit for the use intended and, in fact, produced serious injuries to the users that are not accurately identified and represented by the Defendants because Morphine Sulfate Immediate Release (IR) tablets were negligently manufactured.

92.    By reason of the foregoing, Plaintiff and Plaintiff Class Members experienced, and/or are at risk of experiencing, serious and dangerous side effects, as well as have incurred financial damage and injury.

93.    As a result of the foregoing acts and omissions, the Plaintiff and Plaintiff Class

-28-

Members require, and/or will require, more health care and services and did incur medical, health, incidental, and related expenses.  Plaintiff and Plaintiff Class Members are informed, and believe, and further allege, that Plaintiff and Plaintiff Class Members will in the future be required to obtain further medical and/or hospital care, attention, and services.

94.     By reason of the foregoing, Plaintiff and Plaintiff Class Members have been damaged as against Defendants in excess of One Billion Dollars ($1,000,000,000.00).

## FOURTH CAUSE OF ACTION AGAINST DEFENDANTS
## BREACH OF IMPLIED WARRANTY

95.     Plaintiff, Scott Rome, individually, and on behalf of all others similarly situated, repeats, reiterates, and realleges each and every allegation of this Complaint in each of the foregoing paragraphs inclusive, with the same force and effect as if fully set forth herein.

96.     At all times herein, Defendants manufactured, compounded, portrayed, distributed, recommended, merchandised, advertised, promoted, and sold Morphine Sulfate Immediate Release (IR) tablets for the treatment of pain.

97.     At the times Defendants marked, sold, and distributed Morphine Sulfate Immediate Release (IR) tablets for use by Plaintiff, Scott Rome, and Plaintiff Class Members, Defendants knew of the use for which Morphine Sulfate Immediate Release (IR) tablets were intended and impliedly warranted the product to be of merchantable

-29-

quality and safe and fit for such use.

98.     The Defendants impliedly represented and warranted to Plaintiff, Scott Rome, and Plaintiff Class Members and/or their physicians, healthcare providers and/or the FDA that Morphine Sulfate Immediate Release (IR) tablets was safe and of merchantable quality and fit for the ordinary use for which said product was to be used.

99.     Said representations and warranties aforementioned are false, misleading, and inaccurate in that Morphine Sulfate Immediate Release (IR) tablets are unsafe, unreasonably dangerous, improper, not merchantable quality, and defective.

100.    Plaintiff, Scott Rome, and Plaintiff Class Members and/or members of the medical community and/or healthcare professionals relied on said implied warranty of merchantability of fitness for a particular use and purpose.

101.    Plaintiff, Scott Rome, and Plaintiff Class Members and/or their physicians and/or healthcare professionals reasonably relied upon the skill and judgment of Defendants as to whether Morphine Sulfate Immediate Release (IR) tablets are of merchantable quality and safe and fit for its intended use.

102.    Morphine Sulfate Immediate Release (IR) tablets were placed into the stream of commerce by Defendants in a defective, unsafe, and inherently dangerous condition and the products and materials were expected to, and did, reach users, handlers, and

-30-

persons coming into contact with said product without substantial change in the condition in which they were sold.

103.   The Defendants herein breached the aforesaid implied warranties, as Morphine Sulfate Immediate Release (IR) tablets were not fit for their intended purposes and uses.

104.   By reason of the foregoing, Plaintiff and Plaintiff Class Members experienced, and/or are at risk of experiencing, serious and dangerous side effects, as well as have incurred financial damage and injury.

105.   As a result of the foregoing acts and omissions, the Plaintiff and Plaintiff Class Members require, and/or will require, more health care and services and did incur medical, health, incidental, and related expenses.  Plaintiff and Plaintiff Class Members are informed and believe, and further allege, that Plaintiff and Plaintiff Class Members will in the future be required to obtain further medical and/or hospital care, attention, and services.

106.   By reason of the foregoing, Plaintiff and Plaintiff Class Members have been damaged as against Defendants in an amount to be determined by the Court but which plaintiff contends is in excess of the jurisdictional limit for plaintiff and each class member.

## FOURTH  CAUSE OF ACTION AGAINST DEFENDANTS
## VIOLATION OF CONSUMER PROTECTION STATUTES

107.    Plaintiff, Scott Rome, individually, and on behalf of all others similarly situated, repeats, reiterates, and realleges each and every allegation of this Complaint in each of the foregoing paragraphs inclusive, with the same force and effect as if fully set forth herein.

108.    Defendants engaged in commercial conduct by selling Morphine Sulfate Immediate Release (IR) tablets.

109.    Defendants misrepresented and omitted material information regarding Morphine Sulfate Immediate Release (IR) tablets by failing to disclose known risks and had Plaintiffs known of such risks, they would not have purchased the drug.

110.    Defendants' misrepresentations and concealment of material facts constitute unconscionable commercial practices, and the omission of material facts with the intent that others rely on such concealment, suppression, or omission in connection with the sale and advertisement of Morphine Sulfate Immediate Release (IR) tablets in violation of state law statutes.

111.    Louisiana, all other states, the Commonwealth of Puerto Rico, and the District of Columbia have enacted statutes to protect consumers from unconscionable trade and business practices. Defendants violated these statutes by representing that Morphine

-32-

Sulfate Immediate Release (IR) tablets were fit to be used for the purpose for which it was intended, when Defendants knew it was defective, dangerous, ineffective, unsafe and by other acts alleged herein.

112.    Defendants engaged in the acts and practices alleged herein in order to sell Morphine Sulfate Immediate Release (IR) tablets to the public, including Plaintiff and Plaintiff Class Members.

113.    As a direct and proximate result of Defendants' violations of consumer protection statutes enacted in Louisiana, other states, the Commonwealth of Puerto Rico, and the District of Columbia, Plaintiff and the Plaintiff Class Members have suffered damages. Plaintiff and the Plaintiff Class Members are entitled to compensatory damages, equitable and declaratory relief, refund of prescription costs, punitive damages, costs and reasonable attorneys' fees.

114.    By reason of the foregoing, Plaintiff and Plaintiff Class Members have been damaged as against Defendants in excess of One Billion Dollars ($1,000,000,000.00).

### FIFTH  CAUSE OF ACTION AGAINST DEFENDANTS
### REDHIBITION

115.    Defendants are liable to Plaintiffs under the theory of redhibition.

116.    Plaintiffs are entitled to a return or refund of any purchase price paid, including, but not limited to, insurance co-payments, interest on these amounts from the date of

purchase, attorneys' fees and costs, non-pecuniary damages, as well as any other legal or equitable relief to which Plaintiffs may be entitled.

117   Defendants have breached the implied warranty of merchantability in that Morphine Sulfate Immediate Release (IR) tablets was not reasonably fit for the purposes for which it was sold, intended, or reasonably foreseen to be used.  Moreover, the Morphine Sulfate Immediate Release (IR) tablets manufactured and sold by Defendants was defective on the date of its delivery to Plaintiffs.

118.   Defendants have also breached the implied warranty of fitness for a particular purpose.  Morphine Sulfate Immediate Release (IR) tablets are not reasonably fit for the specific purposes for which Defendants knowingly sold it and for which the Plaintiffs purchased Morphine Sulfate Immediate Release (IR) tablets in reliance on Defendants.

119.   Plaintiffs have suffered damages as a result of Defendants' breach of warranty.

120.   Defendants have knowingly received a substantial benefit at the expense of Plaintiffs.

121.   It would be unjust to permit Defendants to enrich themselves at the expense of Plaintiffs and to retain the funds that Defendants wrongfully obtained from Plaintiffs. Therefore, Plaintiffs invoke the Louisiana Doctrine of Unjust Enrichment.

122.   Defendants have a duty to exercise the necessary degree of care expected and

required of manufacturers of healthcare products. Defendants deviated from that duty by negligently manufacturing Morphine Sulfate Immediate Release (IR) tablets and subsequently failing to warn of the attendant risks of the uses of the negligently manufactured Morphine Sulfate Immediate Release (IR) tablets.

123. As a result of Defendants' negligence, Plaintiffs have been injured and sustained damages. These damages are the actual and proximate result of Defendants' breach of the applicable duty of care.

124. Defendants had control over the design, assembly, packaging, marketing, advertising, manufacturing, labeling, testing, promotion, distribution and/or sale of the drug Morphine Sulfate Immediate Release (IR) tablets and did so in a negligent fashion.

125. At all times material hereto, Defendants either knew, or should have known, that the negligently manufactured drug Morphine Sulfate Immediate Release (IR) tablets was causally related to and associated with severe and life threatening complications and side effects.

126. Although Defendants knew, or should have known, that dangerous risks were associated with the use of the negligently manufactured Morphine Sulfate Immediate Release (IR) tablets, Defendants permitted the drug to be advertised, promoted, and/or sold without adequate warnings.

127. Defendants failed to adequately warn Plaintiffs of the hazards of Morphine

-35-

Sulfate Immediate Release (IR) tablets and concealed this knowledge from Plaintiffs and others. As a result of this failure, Plaintiffs were caused to suffer the injury and damages as set forth herein.

128.    Upon information and belief, Defendants falsely misrepresented and concealed pertinent facts regarding the drug Morphine Sulfate Immediate Release (IR) tablets including, without limitation, its negligent manufacture, the absence of adequate testing, the severity of its side effects and adverse medical conditions caused by the negligently manufactured drug.

129.    Defendants failed to take measures to ensure that the end user of the drug was notified fully and completely of the risks of Morphine Sulfate Immediate Release (IR) tablets and/or that physicians, pharmacists and healthcare providers were notified of these risks.

130.    Morphine Sulfate Immediate Release (IR) tablets contain a vice or defect which renders it either absolutely useless or renders its use so inconvenient and imperfect that buyers would not have purchased it had they known of this vice or defect.

131.    Defendants impliedly or expressly warranted that the drug Morphine Sulfate Immediate Release (IR) tablets that they manufactured, distributed and/or sold was safe for use. Presence of the unsafe characteristics of Morphine Sulfate Immediate Release (IR) tablets  is an absolute vice as provided by Louisiana Civil Code articles

-36-

2520 *et seq.*, rendering Defendants liable in redhibition.

132.   Whereas Defendants, while knowing of the vice as described herein, failed to describe it to Purchaser, Defendants are liable for all damages, including reasonable attorneys' fees, as provided by Louisiana Civil Code articles 2545 and 1953 *et seq.*

133.   The damages in question arose from a reasonably anticipated use of the product in question.

134.   The product in question is unreasonably dangerous for the following reasons:

  a.   it is unreasonably dangerous in construction or composition as provided in R.S. 9:2800.55;

  b.   It is unreasonably dangerous in design as provided in R.S. 9:2800.56;

  c.   It is unreasonably dangerous because an adequate warning about the product was not provided as required by R.S. 9:2800.57; and

  d.   it is unreasonably dangerous because it does not conform to an express warranty of the manufacturer about the product as provided in R.S. 9:2800.58.

135.   The characteristics of the product that render it unreasonably dangerous under R.S. 9:2800.55, *et seq.*, existed at the time the product left the control of the manufacturer or resulted from a reasonably anticipated alteration or modification of the

product.

136.    Defendants failed to adequately warn consumers of the negligent manufacture and potential adverse health effects of Morphine Sulfate Immediate Release (IR) tablets.  Defendants marketed Morphine Sulfate Immediate Release (IR) tablets which was in a dangerous and defective condition and was defective in design and formulation by reason of which said drug was unreasonably dangerous to the user thereof.  Morphine Sulfate Immediate Release (IR) tablets were dangerous and defective at the time it was marketed by Defendants and at the time it was ingested by Plaintiffs.

137.    Said dangerous and defective condition proximately caused the injuries alleged herein to Plaintiffs while the product was used for its ordinary intended purpose and in the ordinary intended manner.  The injuries alleged herein to Plaintiffs, and damages suffered were the direct and proximate result of the marketing and sale by Defendants of the defective and unreasonably dangerous product, Morphine Sulfate Immediate Release (IR) tablets.

138.    Defendants failed to properly and adequately test Morphine Sulfate Immediate Release (IR) tablets .

139.   Plaintiffs were prescribed and took Morphine Sulfate Immediate Release (IR) tablets and suffered injuries and damages as a result.


140..   Defendants failed to adequately warn consumers of the manufacturing defect and attendant potential adverse health effects of Morphine Sulfate Immediate Release (IR) tablets .

### NINTH CAUSE OF ACTION AGAINST DEFENDANTS
### MEDICAL MONITORING

141.   Plaintiff, Scott Rome, individually, and on behalf of all others similarly situated, repeats, reiterates, and realleges each and every allegation of this Complaint in each of the foregoing paragraphs inclusive, with the same force and effect as if fully set forth herein.


142.   As a direct result of Defendants' actions, omissions, and negligence, Plaintiff and Plaintiff Class Members have been put at a heightened risk of very serious health complications.  This risk of death and serious health complications requires diagnostic medical examinations.  By monitoring and testing the affected Plaintiff and members of the Class, it can be determined whether they are prone to death and serious health complications as a result of the damages caused by Defendants.  Through such testing and monitoring, lives can be saved.


143.   Because the ingestion of this defectively manufactured drug poses significant health risks to Plaintiff and Plaintiff Class Members, medical monitoring is the most

appropriate method by which it can be determined whether a particular Plaintiff should be promptly treated.

144.   Accordingly, Defendants should be required to establish a medical monitoring program that includes, *inter alia*:

    a.   establish a trust fund, in an amount to be determined to pay for the medical monitoring of all recipients of the defectively manufactured drug, as frequently as determined to be medically necessary, as well as to pay development and/or research for other methods by which the risk of the negligent manufacture of this drug can be reduced;

    b.   notifying all members of the Class in writing, not just notices to Doctors, that they have been prescribed a defectively manufactured drug that requires medical monitoring; and

    c.   providing information and/or educational training to treating physicians to aid them in detecting patients who may be suffering the adverse consequence of having ingested the negligently manufactured drug.

145.   Plaintiff and the Plaintiff Class Members have no adequate remedy at law in that monetary damages alone cannot compensate them for the risks of adverse medical problems.  Without a Court-approved medical monitoring program, as described above, Plaintiff and the Plaintiff Class Members will continue to face an unreasonable risk of death.

## DEMAND FOR JURY TRIAL

146.   Plaintiff, Scott Rome, individually and on behalf of the Plaintiff Class Members, hereby demands a trial by jury as to all issues so triable.

-40-

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and Plaintiff Class Members demand judgment against

Ethex Corporation as follows:

     a.    An order certifying the Class, appointing Plaintiff as Class Representative, and appointing Daniel E. Becnel, Jr. and Jerrold Parker as counsel to the Class;

     b.    Equitable, injunctive, and declaratory relief;

     c.    Damages in an amount to be determined at trial;

     d.    Pre-judgment and post-judgment interest at the maximum rate allowable at law;

     e.    Treble, exemplary, and/or punitive damages in an amount to be determined at trial;

     f.    The costs and disbursements incurred by Plaintiff and Plaintiff Class Members in connection with this action, including reasonable attorneys' fees;

     g.    All statutory damages;

     h.    Disgorgement of Defendants' profits from the sale of Morphine Sulfate Immediate Release (IR) tablets;

     i.    Return or refund of any purchase price paid, including, but not limited to, insurance co-payments, interest on these amounts from the date of purchase, attorneys' fees and costs, non-pecuniary damages, as well as any other legal or equitable relief to which Plaintiffs may be entitled;

     j.    Medical monitoring;

     k.    Such other and further relief under all applicable state and federal law and any other relief the Court deems just and appropriate.

Respectfully submitted,

DANIEL E. BECNEL, JR. (2926)
DARRYL J. BECNEL (22,943)
MATTHEW B. MORELAND (24567)
Becnel Law Firm, LLC
106 West 7th Street
P.O. Drawer H
Reserve, LA 70084
Telephone: (985) 536-1186
Facsimile: (985) 536-6445

JERROLD S. PARKER (JP-6865)
Parker, Waichman, Alonso, LLP
111 Great Neck Road
Great Neck, NY 11021
Telephone: (516) 466-6500
Facsimile: (516) 466-6665

**PLEASE SERVE:**

Ethex Corporation
One Corporate Woods Drive
St. Louis, MO 63044